Jean Marie MONFORT, Joshua Monfort, Dieula Pierre, Petitioners,

v.

BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.

Nos. 04–6040–ag (L), 04–6045–ag (con), 05–1209–ag (con), 05–1215–ag (con).

United States Court of Appeals, Second Circuit.

March 10, 2008.

Milan Bhatt, Theodore N. Cox, New York, NY, for Petitioners.

Roslynn R. Mauskopf, United States Attorney, Varuni Nelson, Assistant United States Attorney, Margaret M. Kolbe, Assistant United States Attorney, Eastern District of New York, Brooklyn, NY, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. JOSÉ A. CABRANES and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioners Jean Marie Monfort, Joshua Monfort, and Dieula Pierre, all natives and

citizens of Haiti, seek review of the October 20, 2004 order of the BIA affirming the August 19, 2003 decision of Immigration Judge ("IJ") Annette S. Elstein denying their applications for asylum and withholding of removal. *In re Jean Marie Monfort,* Nos. A77 570 898, A77 570 900, A77 570 899 (B.I.A. Oct. 20, 2004), *aff'g* Nos. A77 570 898, A77 570 900, A77 570 899 (Immig. Ct. N.Y. City Aug. 19, 2003). The petitioners also seek review of the February 11, 2005 order of the BIA denying their motion to reopen and reconsider. *In re Jean Marie Monfort,* Nos. A77 570 898, A77 570 900, A77 570 899 (B.I.A. Feb. 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, we review the IJ's decision as the final agency determination. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005).

█ As a preliminary matter, we note that the Monforts did not challenge before the BIA the IJ's adverse credibility determination, which was dispositive to the IJ's denial of asylum and withholding of removal, and they therefore failed to exhaust that issue before the agency. Because no manifest injustice would result, we dismiss the petition for review to the extent that it challenges the BIA's October 2004 order affirming the IJ's denial of relief due to the Monforts' failure to exhaust the dispositive issue before the agency. *See, e.g., Steevenez v. Gonzales,* 476 F.3d 114, 118 (2d Cir.2007). Thus, the finding stands as a valid basis for the agency's denial of the Monforts' application for asylum and withholding of removal.

█ We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where

the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

█ We find that there was no abuse of discretion in the BIA's finding that the Monforts' motion to reconsider was untimely. Unlike a motion to reopen, there are no exceptions to the time limitation for motions to reconsider. *Compare* 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b)(2), *with* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). Here, there is no dispute that the Monforts' January 2005 motion to reconsider was submitted almost two months after the statutory deadline, and their argument that this deadline is trumped by international law is misplaced. *See Oliva v. U.S. Dep't of Justice,* 433 F.3d 229, 235–36 (2d Cir.2005). Furthermore, the BIA did not abuse its discretion in denying the Monforts' motion to reopen where they failed to assert any new facts other than the unsupported assertion that Jean Marie Monfort's sister disappeared and is presumed to be dead. *See* 8 C.F.R. § 1003.2(c)(1); *INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

For the foregoing reasons, the petitions for review are DENIED in part and DISMISSED in part.